UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILSON ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2297** |
| **BP PRODUCTS NORTH AMERICA, INC. ET AL** | **SECTION "L" (2)** |

### ORDER AND REASONS

Pending before the Court are Motions to Dismiss for Failure to State a Claim by Defendants Chevron USA Inc ("Chevron"), Marathon Oil Company ("Marathon"), and BP Products North America, Inc. ("BP"). R. Doc. 13; R. Doc. 17. Plaintiffs Tanya and Tyran Wilson ("Plaintiffs" or the "Wilsons") oppose the motion, R. Doc. 20, and Defendants filed a reply, R. Doc. 25. Having considered the briefing and the applicable law, the Court rules as follows.

I.   **BACKGROUND**

Plaintiffs are the children of the late Flowers Wilson and seek to assert survival and wrongful death claims arising out of the decedent's radiation exposure, colon cancer, and death. R. Doc. 1 at 12-13. Wilson worked at the Tuboscope pipe yard in Harvey, Louisiana from 1965 to 1974. *Id.* at 3. While employed with Tuboscope, Wilson worked around and on the Defendants' oil field and used pipe that was contaminated with radioactive scale. *Id.* This radioactive scale is known as Naturally Occurring Radioactive Material ("NORM"). *Id.* Part of Tuboscope's operations involved cleaning NORM scale from the pipes. *Id.* at 5. Plaintiffs claim that this process caused Wilson's radiation exposure by releasing radioactive dust. *Id.* Plaintiffs allege that the exposure caused Wilson to develop colon cancer and took his life on July 1, 2022. *Id.* at 12.

After unsuccessful settlement negotiations, Plaintiffs filed the instant case on June 30, 2023. This case was initially assigned to Chief Judge Brown, but Plaintiffs moved to transfer the

case to this Court because it is "closely related" to a matter that was previously in this Court's purview, *Lester, et al. v. Exxon Mobil Corporation, et al.*, No. 14-1824 c/w 14-1840. R. Doc. 27.

On August 21, 2023, Defendants Chevron, Marathon, and BP filed the instant motion to dismiss. R. Doc. 13; R. Doc 17.

## II.     PRESENT MOTION

In its 12(b)(6) Motion for Failure to State a Claim, Defendants Chevron and Marathon seek dismissal of Plaintiffs' strict liability claim under La. Civ. Code art. 2317. R. Doc. 13. They argue that Plaintiffs fail to meet two of the three elements necessary to assert such a claim under the pre-1996 version of the law. *Id.* at 3. Specifically, they argue that Plaintiffs allege no facts to support the claim that Defendants had garde of the pipe. *Id.* Defendants additionally aver that the presence of NORM in the pipe is outside the definition of "defect" for a La. Civ. Code art. 2317 claim because it is a temporary substance in the pipe. *Id.* at 4-5. Accordingly, the Defendants argue that Plaintiffs strict liability claim must be dismissed because "if a plaintiff fails to prove any of these [elements], his article 2317 claim fails." *Id.* at 3.

In a separate 12(b)(6) Motion for Failure to State a Claim, Defendant BP adopts the arguments of Chevron and Marathon and seeks dismissal of the Plaintiffs' strict liability claim. R. Doc. 17.

In opposition, Plaintiffs argue that they stated a plausible claim that Defendants maintained garde over the pipes because in their complaint, Plaintiffs allege that Defendants controlled the cleaning, storage, and movement of the pipes. R. Doc. 20 at 4-5. Plaintiffs further argue that Louisiana law allows more than one party to have garde of a thing. *Id.* at 5. Additionally, Plaintiffs argue that NORM contamination of a pipe is not a "transient defect," but that NORM renders a pipe "permanently defective with inherent, emanating radiation." *Id.* at 6. Accordingly, Plaintiffs

aver that such issues of fact cannot be resolved at this stage and requests that the Court deny the Defendants' motions to dismiss. *Id.* at 7.

In reply, Defendants Chevron and Marathon argue that Plaintiffs have not successfully demonstrated that NORM scale is inherent to the pipe. R. Doc. 25 at 1. Similarly, they argue that in their complaint, Plaintiffs allege that the pipe in question was in the custody and control of many parties, not just the Defendants. *Id.* at 2-3. Accordingly, Defendants argue that these allegations demonstrate that the Defendants did not maintain garde of the pipe and thus, Plaintiffs fail to prove all elements of their La. Civ. Code art. 2317 claim. *Id.* at 4.

### III. APPLICABLE LAW

#### A. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*.*" *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV.    DISCUSSION

Because Defendant BP adopts the arguments of Chevron and Marathon, R. Doc. 17, this Court will address their arguments together.

It is undisputed that the pre-1996 law governs this case. The Louisiana Supreme Court has consistently held that when a defendant's conduct results in toxic exposure to a plaintiff who becomes sick, the law in effect at the time exposure governs. *Cole v. Celotex Corp.*, 599 So.2d 1058, 1065 (La. 1992); *Anderson v. Avondale Industries, Inc.*, 2000-2799 (La. 10/16/2001), 798 So. 2d 93. Decedent Wilson's exposure to NORM occurred while he was employed at the Tuboscope pipe yard from 1965 through 1974. R. Doc. 1 at 3. Because the decedent's exposure to NORM occurred before the 1996 amendments to La. Civ. Code art. 2317 went into effect, the pre-1996 law governs this matter.

Under pre-1996 Louisiana law, to assert a strict liability claim under La. Civ. Code art. 2317, the plaintiff had the burden to prove three elements. First, "that the thing which caused the damages was in the care, custody, and control (garde) of the defendant." *Dupree v. City of New Orleans*, 1999-3651 (La. 8/31/00), 765 So.2d 1002, 1008. Second, "that the thing had a vice, ruin, or defect that presented an unreasonable risk of harm." *Id.* And third, "that the vice, ruin, or defect was the cause-in-fact of the plaintiff's damages." *Id.* "To recover, plaintiff bears the burden of proving these elements in the affirmative, and the failure on any one is fatal to the case." *Id.*

The parties do not dispute the third element. Rather, at issue between the parties are the first and second elements. Under element one, Plaintiffs have pleaded enough factual matter to plausibly claim that Defendants had garde of the pipe. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The complaint states that "the pipe at all times remained under the custody, control, direction, [and] supervision" of the Defendants. R. Doc. 1 at 10. The complaint then

enunciates several factual bases to support Plaintiffs' conclusion, including that Defendants' employees provided on-site supervision during the cleaning process and Defendants controlled the movement and storage of the pipes. *Id.* These facts allow the Court to draw a reasonable inference that Defendants had garde of the pipe. *Twombly*, 550 U.S. at 570.

Plaintiffs similarly plead sufficient factual matter to support the second element. Plaintiffs state that the decedent's job required him to "work with and around used pipe that contained radioactive scale." R. Doc. 1 at 3. Though Plaintiffs contend that the cleaning process created additional hazards for the decedent—including airborne contaminates—Plaintiffs do not state anywhere in their complaint that the cleaning process was successful in removing NORM from the contaminated pipes. *Id.* at 3. Moreover, other courts have rejected assertions that NORM contamination is temporary. *See Robertson v. Chevron USA, Inc.*, No. CV 15-874, 2017 WL 679406, at *5 (E.D. La. Feb. 21, 2017); *Coleman v. H.C. Price Co.*, No. CIV.A. 11-2937, 2014 WL 4354443, at *6 (E.D. La. Sept. 2, 2014); *Spring v. Shell Oil Co.*, No. CV 17-1754-JWD-RLB, 2018 WL 1914293, at *5 (M.D. La. Apr. 23, 2018).

Because Plaintiffs' complaint "contain[s] sufficient factual matter" to assert a plausible strict liability claim under La. Civ. Code art. 2317, the Court finds that the Plaintiffs' claim meets 12(b)(6) scrutiny. *Iqbal*, 556 U.S. at 678.

V.   **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, R. Doc. 13 and R. Doc. 17, be **DENIED.**

New Orleans, Louisiana, this 8th day of November, 2023.

_____
United States District Judge